IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RAJENDRA PATEL, NAVNEET PATEL, )
and NAVRAJ GROUP, LLC (a Tennessee )
Limited Liability Company), )
) NO. 3:20-cv-00052
Plaintiffs, ) JUDGE RICHARDSON
)
v. )
)
AR GROUP TENNESSEE, LLC (a New )
Jersey Limited Liability Company), ALI S. )
BUTT, MOURAD ELAYAN, and )
DINESH GOSWAMI, )
)
Defendants. )

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Consolidate Related Cases for All Purposes (Doc. No. 28, "Motion"). The cases at issue are *Patel et al. v. AR Group Tennessee, LLC et al.*, 3:20-cv-00052 (the present action), and *Patel et al. v. Henslee Chicken, LLC et al.*, 3:20-cv-00281.[1] Plaintiffs filed a Response in Opposition to the Motion (Doc. No. 30, "Response").

Fed. R. Civ. P. 42(a) states that cases may be consolidated if they "involve a common question of law or fact." Further, "[d]istrict courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (citing 9A Wright & Miller § 2383 (collecting cases)).

Since the filing of this Motion, Plaintiffs have filed an Amended Complaint, which is now the operative complaint in this case. (Doc. No. 36, "Amended Complaint"); *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Defendants did not oppose Plaintiffs'

---

[1] The second case was transferred to this Court as a related case to the first.

1

request to amend their Complaint. (Doc. No. 35). Though the Amended Complaint makes some similar claims as the original Complaint (namely for intentional misrepresentation, conversion, and an action for an accounting), the Amended Complaint makes various new factual allegations, as well as claims for breach of contract, retaliatory discharge, breach of fiduciary duty, and four claims for RICO violations that were not present in the original Complaint. (Doc. No. 36).

The bulk of Defendants' argument for consolidation relies on similarities between the original Complaint in this matter and that in *Patel et al v. Henslee Chicken LLC*, 3:20-cv-00052.[2] In response, Plaintiffs claim that the cases involve different parties which are separate legal entities, that there are different factual bases for the claims, and that the Court lacks subject matter jurisdiction over the related case.[3] (Doc. No. 30 at 1). Plaintiffs also noted their forthcoming Amended Complaint in their Response, which they argued would moot the present Motion. (*Id.*)

Because of the subsequent filing of the Amended Complaint and Defendants' reliance on only the original Complaint in their Motion, the Court exercises its discretion to not consolidate the cases at this time. The Court will dismiss the Defendants' Motion without prejudice, and Defendants may file a new motion to consolidate based on the Amended Complaint.

For the foregoing reasons, Defendants' Motion (Doc. No. 28) is **DENIED** without prejudice.

---

[2] Defendants allege in their Motion that the two cases involve "almost identical allegations," "essentially the same relief," and "regurgitated" complaints with few alterations. (Doc. No. 28 at 2). Defendants additionally include several pages of a chart comparing the original Complaint in this case with that in the related case. (*Id.* at 5-8).

[3] Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction in the related case has not yet been decided.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE