IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAJENDRA PATEL, NAVNEET PATEL, and NAVRAJ GROUP, LLC (a Tennessee Limited Liability Company), | ) ) ) ) |
| Plaintiffs, | ) NO. 3:20-cv-00052 ) JUDGE RICHARDSON ) |
| v. | ) ) |
| AR GROUP TENNESSEE, LLC (a New Jersey Limited Liability Company), et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is "Plaintiffs' Motion to Alter or Amend Judgment Entered on July 11, 2022; Motion for Relief from Judgment; and Motion to Amend Second Amended Complaint" (Doc. No. 81, "Motion"), filed with a supporting memorandum (Doc. No. 82). Defendants responded. (Doc. No. 85).

### BACKGROUND

Plaintiffs filed a Second Amended Complaint (Doc. No. 67, "SAC") in this matter following this Court's Order giving Plaintiffs the opportunity to "address the deficiencies (confusion)" in the First Amended Complaint regarding the alleged primary written agreement and legal relationships underlying Plaintiffs' claims. (Doc. No. 63 at 25). Like the First Amended Complaint, the SAC asserts subject-matter jurisdiction on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 67 at ¶ 8).

Defendants moved to dismiss the SAC. (Doc. No. 69). On July 11, 2022, the Court granted Defendants' motion to dismiss and dismissed the SAC with prejudice for failure to comply with

Fed. R. Civ. P. 8(a) and failure to state a claim upon which relief can be granted. (Doc. No. 79 ("the Order"), Doc. No. 78 ("the Memorandum Opinion")). In dismissing the SAC, the Court explained that Plaintiffs were unsuccessful in their attempt to clarify the nature of the claims via the SAC, stating,

> [T]he SAC did not clarify [the confusion regarding the written agreement and legal relationships underlying Plaintiffs' claims] at all, but instead plainly mischaracterized that agreement (Plaintiffs' proffered Agreement), very implausibly suggested the existence of a partnership relationship, and confusingly intermingled the notion of Plaintiffs being partners in some partnership with the notion of Plaintiffs being members of an LLC (ART). The result is that the SAC from the outset simply makes no sense.

(Doc. No. 78 at 16). The Court thus concluded that dismissal of the SAC was warranted:

> Especially given the warning they received from the Court when it authorized Plaintiffs to file another amended complaint after the First Amended Complaint was dismissed, Plaintiffs needed to take care that the allegations in the SAC comported with the attachments (especially Plaintiffs' proffered Agreement) and otherwise made sense. Inexplicably, they failed to do so. Accordingly, the Court is left with crucial allegations that it must simply disregard, and with a complaint that (with or without those allegations disregarded) simply makes no sense. Thus, the SAC is subject to dismissal for failure to comply with Rule 8(a) and alternatively for failure to state a claim upon which relief can be granted.

(*Id*. at 23). In particular, the Court found that dismissal *with prejudice* was necessary because: (1) Plaintiffs had already filed two amended complaints total and, in the aftermath of filing the patently inadequate second of these (the SAC), had been given a chance to file "a more careful (and comprehensible) complaint" but had disregarded "the Court's notification both of what to fix and the imperative to fix it"; and (2) justice did not require granting leave to amend the SAC, especially considering that Plaintiffs did not request such leave. (Doc. No. 78 at 23–24).

Notably absent from Plaintiffs' (and, for that matter, Defendants') briefing on the Motion to Dismiss the SAC was any discussion of this Court's subject-matter jurisdiction. Now, via the Motion, Plaintiffs move to alter or amend the Order under Rules 59(e) and 60(b) on the grounds

that (1) the Court lacked subject-matter jurisdiction when this matter was removed to this Court from the Chancery Court for Williamson County (Doc. No. 1) and the Court committed a "clear error of law" under Rule 59(e) in dismissing the SAC because it lacked subject-matter jurisdiction at the time (thus rendering the Order void under Rule 60(b)(4)); and (2) Plaintiffs stated a claim upon which relief can be granted, meaning that the Order should be vacated under Rules 59(e). (Doc. No. 82 at 7, 11–12, 15). Plaintiffs also include in the Motion, beleatedly, yet another request to amend their complaint. (Doc. No. 82 at 18).

## LEGAL STANDARD

A. Rule 59(e)

Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e), are entrusted to the Court's sound discretion. *United States v. Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017). A motion under Rule 59(e) is not an opportunity to re-argue a case. *Id.* Rather, the Court may grant a Rule 59(e) motion only if there is: (1) a clear error of law; (2) newly-discovery evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Id.* A motion to alter or amend should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented. *Id.*

Generally, relief under Rule 59(e) is an "extraordinary remedy" restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed. *Harris v. Perry*, No. 2:12-cv-02668-STA-dkv, 2016 WL 5396701, at * 3 (W.D. Tenn. Sept. 27, 2016). Essentially, a showing of manifest injustice requires that there exists a fundamental flaw in the court's decision that without

correction would lead to a result that is both inequitable and not in line with applicable policy. *Id.* The Sixth Circuit has made clear that the standard for manifest injustice is "an exacting standard" and that a successful Rule 59(e) motion must "clearly establish a manifest error of law." *Heithcock v. Tenn. Dept. of Children's Servs.*, No. 3:14-CV-2377, 2015 WL 5970894, at * 1 (M.D. Tenn. Oct. 14, 2015). Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e). *McDaniel v. American Gen. Fin. Servs., Inc.*, No. 04-2667B, 2007 WL 20842777, at * 2 (W.D. Tenn. July 17, 2007). The "manifest injustice" ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. *Harris*, 2016 WL 5396701, at * 3.

B. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Settle v. Bell*, No. 06-1092-JDT-egb, 2017 EL 1058365, at * 1 (W.D. Tenn. March 20, 2017). Relief from a judgment after its entry is an extraordinary remedy that should be used sparingly. *Duerson v. Henderson County Detention Center*, No. Civ. A.4:05CV-P165-M, 2005 WL 3536333, at * 1 (W.D. Ky. Dec. 21, 2005).

C. Rule 15(a)

Rule 15(a) allows a party to amend its pleading once as a matter of course within 21 days of service of the pleading or a response thereto, and in all other cases encourages the party to seek leave to amend and the district court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1), (a)(2). However, "[w]hen a party seeks to amend a complaint after an adverse judgment, it [ ] must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). In other words, "unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) (citing *Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994) (internal quotation marks omitted)).

**DISCUSSION**

A. Subject-matter jurisdiction

Plaintiffs first argue that "the entry of judgment dismissing the Second Amended Complaint was in error and should be set aside under Rule 59(e) because it was a clear error of law for this Court to enter judgment when it lacked subject matter jurisdiction." (Doc. No. 82 at 12). Plaintiffs then argue that the Order was void because "diversity jurisdiction did not exist at the time of the removal" and "[n]o action by the parties did or could confer jurisdiction upon this case, including the amendment of the complaint as entered." (*Id*.). This argument fails. The Second Amended Complaint invokes federal question jurisdiction, not diversity jurisdiction. (Doc. No. 67 at ¶ 8). Indeed, the SAC alleges, via Count 7 and Count 8, two federal RICO claims under 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d). *See* 28 U.S.C. § 1331 ("The district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Plaintiffs' own pleadings invoke federal question subject-matter jurisdiction and bring federal claims. Thus, because the Court had federal subject-matter jurisdiction when ruling on the motion to dismiss the SAC, Plaintiffs have failed to demonstrate either a clear error of law under Rule 59(e) or a void judgment under Rule 60(b).

Plaintiffs rest their argument on the faulty premise that the Court lacked subject-matter jurisdiction to issue the Order because diversity jurisdiction was allegedly absent at the time this matter was removed to this Court. Yet, until now Plaintiffs have never raised either the argument that removal was improper due to a lack of diversity jurisdiction or the argument that the Court lacked subject-matter jurisdiction at some point. Instead of lodging an attack on purported diversity jurisdiction (an issue which the Court does not, and need not, analyze at this juncture) following the removal of this case (via, for example, a motion to remand), Plaintiffs moved to amend their Complaint to add claims arising under federal law. (Doc. No. 32 at 1 ("In support of said Motion, the Plaintiffs would state and show that the new allegations establish this Court as the proper venue and subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C.§ 1391, 18 U.S.C.§ 1964, 18 U.S.C.§ 1341 and § 1343, 28 U.S.C.§ 1367 and 28 U.S.C.§ 1331.)). Thus, the Court plainly had subject-matter jurisdiction to adjudicate the motion to dismiss the SAC because the SAC raised a federal question, and the Order is not void for a purported lack of subject-matter jurisdiction. *See also Smith v. Hilliard*, 578 F. App'x 556, 562 (6th Cir. 2014) ([R]egardless of whether removal was improperly taken at the outset of the matter, and even where the district court lacked subject matter jurisdiction at the time of removal, a final judgment later rendered may stand as long as the trial court in fact had subject-matter jurisdiction at the time the judgment was entered[.]").

Alternatively, even if a lack of jurisdiction at the time of removal somehow would render void an amended complaint that quite plainly invokes this Court's subject-matter jurisdiction under 28 U.S.C. § 1331, that would not help Plaintiffs, because Plaintiffs have not shown that they are entitled to reconsideration of the Court's assertion of jurisdiction. In the Notice of Removal (Doc. No. 1), Defendants explicitly explained why the Court had diversity jurisdiction even though there ostensibly were Tennessee residents on both sides of the "v" in this case. As Defendants recognized, Plaintiffs (Tennessee residents) are presumptively treated as having the same citizenship as Defendant ARGT, LLC, which as a limited liability company is treated as having the same citizenship is all of its members, including Plaintiffs (Tennessee residents); ergo, Tennessee residents (Plaintiffs) are on the plaintiff side, and a Tennessee resident (Defendant ARGT, LLC) is on the defendant side (because, and only because, Plaintiffs are members of it). Defendant argued that Defendant ARGT, LLC was only a nominal defendant because Plaintiffs' dispute was not really with Defendant ARGT, but with Plaintiffs' two fellow members of ARGT— and thus the citizenship of Defendant ARGT, LLC should not be considered in assessing diversity of citizenship and therefore cannot serve to destroy diversity jurisdiction.

There is no question that this precise kind of argument has been accepted in the past. *See, e.g., Polak v. Kobayaski*, 2005 WL 2008306, at *3 (D. Del. Aug. 22, 2005) (finding that defendant limited liability company had no "interest" in dissolution claim "distinct from the interests of [its members]" and concluding that limited liability company was "not a real party to the dissolution issue and should remain a nominal defendant" and that therefore "complete diversity of citizenship exists among the parties and the Court has subject matter jurisdiction to hear this lawsuit"); *Roskind v. Emigh*, 2007 WL 981725, at **2–3 (D. Nev. Apr. 2, 2007) (finding that where "[t]he real dispute in this case is between" the members of a limited liability company "over

the dissolution and distribution of the assets of [the company]," then the company "has no stake in the controversy," is a "nominal party," and "its citizenship should not be considered for purposes" of diversity jurisdiction); *Wolff v. Wolff*, 768 F.2d 642 (5th Cir. 1985) (same).

For example, in *Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506 (6th Cir. 2013), the Sixth Circuit affirmed a district court that found that it had diversity jurisdiction because a plaintiff limited lability company was only a nominal defendant. The Sixth Circuit acknowledged that limited liability company's "presence as a plaintiff appear[ed] to destroy diversity jurisdiction," but noted that "[w]hen determining whether diversity jurisdiction exists, a federal court must disregard nominal parties and decide jurisdiction only on the citizenship of the real parties in interest." *Id.* at 508. The Sixth Circuit held that the limited liability company indeed was a nominal party to the action because the real dispute was entirely between the members and because the outcome of the suit would not directly affect the LLC. *Id.*

Plaintiffs never disputed that the same result should obtain here—until it lost in this Court, of course. Plaintiffs fail to explain why they are entitled to relief under 59(e) or Rule 60(b) from this Court's decision to proceed based on Defendants' theory that ARGT, LLC is a mere nominal defendant. That is, as to Rule 59(e), Plaintiffs fail to explain why that such was 1) based on a clear error of law; (2) refuted by newly-discovery evidence; (3) undercut by an intervening change in controlling law; or (4) necessary to reverse in order to prevent manifest injustice. On the last point, the Court must say, it is a *reversal* that would risk manifest injustice, because it would reward Plaintiffs for standing by, perfectly content with this Court exercising diversity jurisdiction until this Court ruled against it—only then to sandbag Defendants and this Court with a challenge to diversity jurisdiction. Likewise, as to Rule 60(b), Plaintiffs fail to show that (1) the decision was the result of mistake, inadvertence, surprise, or excusable neglect; (2) the decision is refuted newly

discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) the decision was the result of fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifies relief.

Finally, the Court notes that if Plaintiffs were now seeking remand (which they may not be, inasmuch as the Motion appears to seek only vacatur of the Order), as opposed to outright dismissal, a request to remand would also be denied because (as Plaintiffs admit) the time during which Plaintiffs could have sought to remand for lack of subject-matter jurisdiction has expired. (Doc. No. 82 at 7-8 ("If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. [28 U.S.C. § 1447(c)]. Admittedly, no challenge to the removal was filed in this case, and a final judgment as been entered[.]")).

    B. <u>Failure to state a claim</u>

Plaintiffs separately argue that the Court should alter or amend its Order under Rule 59(e) because Plaintiffs "in fact set forth a claim upon which relief can be granted." (Doc. No. 82 at 12). In so arguing, Plaintiffs assert that "the Court only focuses on the confusion regarding the partnership agreement and the exact nature of the business dealings, which ignores the legitimate factual allegations set forth by the Plaintiffs" and that "the factual allegations related to these parties are very clearly known to the Defendants and even to this Court" due to an apparently related case proceeding in New Jersey. (*Id*. at 17). Plaintiffs summarize their Rule 59(e) argument, stating,

> In summation, the Plaintiffs request that this Court alter or amend its judgment, specifically related to the state law claims alleged, because there is plainly a business relationship between these Plaintiffs and Defendants, and Plaintiffs make clear allegations of wrongdoing and malfeasance. Respectfully, Plaintiffs contend the Court could make inferences based upon the pleadings and actions in this case to find that the Plaintiffs have a legitimate claim to relief. Therefore, Plaintiffs

>submit the Court's finding was a clear error of law and the dismissal should be reversed pursuant to Rule 59(e).

(*Id*. at 17–18). As Plaintiffs' summary of their argument here makes apparent, Plaintiffs primarily invoke the Rule 59(e) ground of a "clear error of law." But in arguing that there was a "clear error of law," Plaintiffs do nothing more than attempt to relitigate previously considered issues in an attempt to "obtain a reversal of a judgment by offering the same arguments previously presented." *Tenn. Walking Horse Breeders' and Exhibitors' Ass'n*, 263 F. Supp. 3d at 681. Further, Plaintiffs do not point to any newly-discovered evidence or demonstrate any intervening change in controlling law.

Plaintiffs also request under Rule 59(e) that the Court change the dismissal of this matter to one without prejudice. The rationale set forth by Plaintiffs for this request is that they "fear that they may be significantly hamstrung by this Court's dismissal with prejudice in this matter, specifically as it relates to the state court claims" because the dismissal with prejudice "may preclude the Plaintiffs from arguing the merits of their claims" in cases between the parties in Rutherford County Chancery Court and in the Superior Court of New Jersey. (Doc. No. 82 at 19). Plaintiffs thus argue that altering the dismissal with prejudice "present[s] a manifest injustice as contemplated by Rule 59(e)." (*Id*. at 20). Plaintiffs admit that the New Jersey case was dismissed (*Id*. at 20); thus, the Court finds that this dismissal with prejudice could not possibly preclude Plaintiffs from arguing the merits of their claims in that forum. Further, Plaintiffs have not alleged facts showing that the dismissal with prejudice actually would preclude Plaintiffs from adjudicating claims in other forums—only that this "may" occur. And in any event, Plaintiffs fail to demonstrate that the alleged impact of this dismissal on litigation in other forums is the type of "injustice" implicated by this Rule 59(e) ground, particularly when the Court granted Plaintiffs a second opportunity to amend the Complaint to address issues specifically identified by the Court,

and Plaintiffs failed to cure those issues via the SAC (as described in the Memorandum Opinion). Plaintiffs cite no law suggesting that courts have found their rationale here to be a compelling reason to alter a dismissal with prejudice as a means to "prevent a manifest injustice" under similar circumstances.

Therefore, Plaintiffs have not clearly established entitlement to relief under any Rule 59(e) grounds; instead, Plaintiffs merely convey their discontentment with the Court's Order, which is not enough to prevail under Rule 59(e). Plaintiffs are free to express their disagreement to the Sixth Circuit on appeal, but they are not entitled to a do-over by this Court merely because (according to Plaintiffs) the district court should find merit in their disagreement with what the district court did. Plaintiffs' request to alter amend the Order under Rule 59(e) will thus be denied.

C. Rule 15(a)

Finally, Plaintiffs request "one last opportunity" to amend their complaint. (Doc. No. 82 at 18). This request is denied. The Court need say little more than what the Court already said on this matter in the Memorandum Opinion:

> "[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Plaintiffs already have had one opportunity to correct the identified deficiencies with clear instructions from the Court to do so, and have been able to file two amended complaints total. So even if they were necessarily entitled to at least one chance to file a more careful (and comprehensible) complaint, Plaintiffs have already had that chance. . . . [T]he Court has the discretion to dismiss the SAC with prejudice. And the Court exercises such discretion, especially given Plaintiffs clear disregard of the Court's notification both of what to fix and the imperative to fix it.

(Doc. No. 78 at 23–24). Plaintiffs fail to provide any compelling reasons to change the Court's position on this issue. And further, as described above, the Court cannot grant a Rule 15(a) motion for leave to amend following a final judgment (here, the Order) absent the claimant meeting the

requirements for reopening a case under Rules 59 or 60. *Leisure Caviar*, 616 F.3d at 616 (6th Cir. 2010). Thus, because the Court lacks the power to grant Plaintiffs' motion to amend the SAC due to Plaintiffs' failure to establish entitlement to relief under Rules 59 or 60, Plaintiffs' request to amend is denied.

## CONCLUSION

The Court feels compelled to speak bluntly. It gave Plaintiffs a full opportunity to fix, and clear direction for fixing, the flaws in the First Amended Complaint that prevented this case from moving further. Inexplicably, Plaintiffs did not avail themselves of the opportunity to correct the flaws. And that, and not anything in the Court's Order, is the problem here. Nothing in either Rule 59(e) or Rule 60(b) supports the Court changing its mind and allowing Plaintiffs a second opportunity to fix an incomprehensible complaint (and a third amended complaint total).

For the reasons set forth herein, Plaintiffs' Motion (Doc. No. 81) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE